# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

### Savannah Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Indictment No. CR418-274** |
| **v.** | ) | |
| | ) | |
| **JUAN RANGLE-RUBIO,** | ) | |
| | ) | |
| **Defendant** | ) | |

### DEFENDANT'S MOTION FOR MOTION FOR FUNDS TO EMPLOY A PARALEGAL

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e), Juan Rangle-Rubio hereby requests that this Court grant authorization to employ Aaron Gonzalez as a Defense paralegal and as grounds therefor, defendant shows the following:

1.

Counsel have been appointed to represent Defendant under the Criminal Justice Act.

2.

On December 20, 2018 the above-referenced defendant is one of three (3) individuals named in a Thirty-three (33) page indictment under which t Counts 6, 7 and 8 may carry a maximum sentence of death for each of those counts since the US Attorney for the Southern District of Georgia is seeking Death Penalty certifications for those counts from the DOJ.

3.

In order to properly prepare this case and consult with the Defendant Juan Rangle Rubio, Counsel need the services of a Paralegal to review the massive amounts of Government Discovery in this case with their Client, Juan Rangle Rubio.

5.

The Criminal Justice Act requires prior judicial approval for the expenditure of services costing $800 or more. The Defendant is asking for funding to compensate paralegal hours forecasted to be 1500 hours at a rate of $75.00 per hour, for a total expenditure of approximately $112,000.00.

This forecast is based on information provided in the Co-Defendant's case about their ongoing use of a paralegal to review Discovery with their Client.  This expenditure is necessary in order to provide fair compensation of an unusual character and duration. Further, due to the complex nature of the subject matter at issue in this case. The Paralegal will be required to familiarize himself with a wide range of technical and scientific topics in order to be able to adequately question these witnesses.

7.

Use of a Paralegal in the case is necessary in preparation of the Defendant's case, to safeguard his Sixth Amendment rights to present a defense, to confront witnesses against them, and to protect his respective Fifth Amendment rights to due process of law. Indigent defendants who cannot afford their own experts must receive the "raw materials integral to the building of an effective defense" sinceconstitutional due process requires more than "mere access to the courthouse doors." See*Ake v. Oklahoma*, 470 US. 68, 77 (1985). This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of her poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his life and liberty are at stake. *Id*. at 77. **United States Constitution amends. V & VI.**

8.

Counsel states that they have made a diligent search with the local community and have been unable to find a *bona fide Spanish speaking* paralegal.  Mr. Gonzalez is already familiar with

this case due to his previous appoint as an Investigator.  Mr. Gonzalez is believed by Counsel to be

the best choice for the following reasons:

(A) He is fluent in both languages and has already established an excellent working

relationship with Juan Rangle Rubio;

(B) His many years of law enforcement experience already gives he an excellent grasp of

the legal concepts involves to properly reviewing, translating and explaining the Discovery

to Juan Rangle Rubio;

(C) The requested billing rate promotes Judicial economy is that is less that two and a

half times the rate of what court appointed counsel would be compensated at for this task;

(D) Lead Counsel's Office is located in Tallahassee, Florida; and

(E) Mr. Gonzalez has already been integrated into the Defense team in his role as

Investigator.

9.

Investigator Gonzales' resume is attached to this motion as an Exhibit for the Court's

perusal.

For all of the above stated reasons, Defendant requests that the Court approve the appoint

of a Paralegal and grant the additional requested funding.

Respectfully submitted this 28th day of January 2020.

**/s/ Mark E. Olive**                                                    **/s/George R. Asimc**
MARK E. OLIVE                                                         GEORGE R. ASINC
Lead Counsel for Juan Rangle-Rubio              Local Counsel
Georgeia  Bar No.  551680                                GA Bar No. 025197
320 W. Jefferson Street                                        445 Goshen Road
Tallahassee, Florida 32301                                Rincon, GA 31326-5612
Telephone: (850)-224-0004/212-7276          (912) 484-7437
Email: meolive@aol.com                                  geo6152@comcast.net

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this day electronically filed this Motion for Appointment and Funding of a Paralegal with the Clerk of the Court using the CM/ECF  system which will automatically send e-mail notification of such filing to the following attorney of record:

Tania Groover
U.S. Attorney's Office
22 Barnard Street, Suite 300
Savannah, GA 31401

This 28th day of January, 2020.

**/s/ George R. Asinc**
GEORGE R. ASINC
Attorney for Juan Rangle-Rubio
Georgia Bar No.  025197
445 Goshen Road
Rincon, GA 31326
912-376-6756
geo6152 @ comcast.net