GOVERNMENT'S
EXHIBIT NO. 8

CASE NO. 418-CR-274

United States of America

vs.

Pablo Rangel-Rubio, et al.

MARKED FOR IDENTIFICATION
6·17-2021

FILED IN EVIDENCE

JOHN E. TRIPLETT, **CLERK** OF COURT

2020 WL 7041496
Only the Westlaw citation is currently available.
United States District Court, N.D. Georgia, Atlanta Division.

Jean-Daniel PERKINS, Movant,
v.
UNITED STATES of America, Respondent.

CRIMINAL ACTION NO. 1:10-CR-0097-AT-1
|
CIVIL ACTION NO. 1:16-CV-4545-AT
|
Signed 11/30/2020

**Attorneys and Law Firms**

Lawrence R. Sommerfeld, George Jeffrey Viscomi, Jamie L. Mickelson, Office of United States Attorney, Atlanta, GA, for Respondent.

## ORDER

AMY TOTENBERG, UNITED STATES DISTRICT JUDGE

*1 Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 420], recommending that the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 359], be denied. Petitioner has filed his objections in response to the R&R. [Doc. 422].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On June 28, 2011, after a jury trial, Movant was convicted in this Court of thirty-seven counts related to a fraudulent credit card scheme in which he "completed thousands of fraudulent transactions that netted more than $4 million in ill-gotten gains." United States v. Perkins, 787 F.3d 1329, 1333 (11th Cir. 2015). On July 17, 2013, this Court sentenced Movant to a total of 360-months imprisonment. The Eleventh Circuit affirmed. Id.

From a review of the record it is clear that Movant, leading up to his trial, during his trial, and afterward, attempted to fake being mentally incompetent in an effort to disrupt his criminal proceedings. Notably, Movant refused to attend his trial and his sentencing hearing despite the diligent efforts of Judge Julie E. Carnes, who presided at the time, to convince Movant to attend those proceedings. However, both Judge Carnes and the Eleventh Circuit saw Movant's conduct as a strategic ruse. See Perkins, 787 F.3d at 1340 ("The record confirms that [Movant] planned and executed a strategy to stymie the district court proceedings by saying things that sounded crazy, much like he designed and executed the extensive fraud scheme."). Particularly damning to Movant were several recorded jail telephone calls in which Movant can be heard to be planning and bragging about the fact that he was acting crazy to disrupt his proceedings. In those phone calls, Movant demonstrated that he fully understood the nature

of the charges against him, and his efforts to get his mother and his friends to perform legal research on his behalf demonstrated that he was fully capable of communicating with and assisting his counsel.

All of Movant's claims in his § 2255 motion are related to his ongoing contention that he was incompetent at the time of his trial and his sentencing hearing. The Magistrate Judge, after holding a hearing on those claims at which both Movant and the Government presented evidence, issued her R&R in which she recommends that the motion be denied.

In his objections, Movant first complains that the Magistrate Judge erred in concluding that this Court is precluded from ruling on his due process claim that he was not competent to stand trial or be sentenced because the Eleventh Circuit had already rejected that claim. Movant argues that no court has ruled on his claim that he was not competent during his sentencing hearing and that, while the Eleventh Circuit and Judge Carnes ruled on his procedural due process claim that he was not entitled to a competency hearing, no court has ruled on his substantive due process claim that he was not competent during his trial and his sentencing hearing.

*2 At the outset, this Court finds that Movant's assertion that the Eleventh Circuit did not rule on his claim that he was not competent during his sentencing hearing is false. Movant's counsel filed a motion for a competency hearing after the sentencing hearing but before Judge Carnes had imposed the sentence. In affirming Judge Carnes' denial of that motion, the Eleventh Circuit applied the standard set forth in 18 U.S.C. § 4241(a) that requires a competency determination if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." "[A] trial court may rule on a § 4241 motion of incompetency without benefit of a full dress hearing so long as the court has no bona fide doubt as to the competence of the defendant." United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (quotation and citation omitted). By holding that Judge Carnes did not err in denying Movant's motion for a competency hearing, the Eleventh Circuit implicitly concluded that there was no bona fide doubt as to Movant's competence.

Moreover, the Magistrate Judge exhaustively reviewed the record and the evidence presented at the hearing and concluded that "both the existing record and the evidence adduced at the evidentiary hearing conclusively show that Movant was competent at the time of his trial and sentencing." [Doc. 420 at 30]. Having likewise reviewed the record, this Court agrees.

Movant next objects to certain of the Magistrate Judge's findings in connection with his Claim 2 (ineffective assistance of counsel for failing to pursue a competency hearing) that trial counsel did not have concerns regarding Movant's competence. However, the basis of the Magistrate Judge's conclusion that Movant had failed to establish his ineffective assistance claim is the fact that, based on the record, it is clear that Judge Carnes would not have granted a hearing. As noted above, the Magistrate Judge further concluded that Movant has failed to establish that he was incompetent. Accordingly, what trial counsel knew and whatever evidence that counsel ignored or failed to uncover is immaterial as Movant cannot demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984).

Movant also contends that the Magistrate Judge failed to properly evaluate his evidence that he was not competent at the time of his trial and sentencing hearing. In response, this Court again notes that the Magistrate Judge properly concluded that Movant had failed to demonstrate that he was incompetent. The Magistrate Judge discounted the testimony of Dr. Adriana Flores—the only expert witness to testify that Movant was incompetent at the time of his trial and sentencing hearing—because (1) she did not evaluate Movant until eight years after Movant's trial, (2) her conclusion that Movant was incompetent was at odds with the observations of other health care professionals, and (3) she ignored strong evidence that tended to support the conclusion that Movant was not incompetent. The Magistrate Judge also pointed out that other experts testified that Movant often went long periods without displaying any mental health problems, but when it might be to his benefit, he would claim to have delusions or other mental health issues. As such, it is clear that Movant continues in his efforts to "game" the system to his advantage, and it is not surprising that his expert witness found mental problems.

Movant also argues that the Magistrate Judge ignored expert testimony and evidence that indicates that Movant was incompetent. These arguments, however, merely challenge the Magistrate Judge's credibility determinations, which this Court cannot disturb absent a new evidentiary hearing. United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).

Finally, Movant points out that over the years, he has been diagnosed with a range of mental deficiencies. While it is possible (or maybe even probable) that there is some truth in those diagnoses, suffering from a psychosis is not the same as being incompetent to stand trial, and it is clear that Movant has not established the high bar of incompetence.

*3 For the foregoing reasons, and after a *de novo* review of the record in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 420], is **ADOPTED** as the order of this Court, and Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 359], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:16-CV-04545-AT.

Having concluded that Movant is not entitled to relief, this Court does believe that, in claiming that his right to substantive due process was violated when he was denied a competency hearing in connection with his sentencing hearing, Movant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In particular, this Court notes the long time gap between the trial and the sentencing hearing (roughly 19 months) and the fact that Movant has presented significant evidence that his mental health legitimately appeared to deteriorate in the interim. The Court thus **GRANTS** Movant a certificate of appealability regarding that issue.

**IT IS SO ORDERED**, this 30th day of November, 2020.

**All Citations**

Slip Copy, 2020 WL 7041496

End of Document    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2021 Thomson Reuters. No claim to original U.S. Government Works.    3